Yong v. Holder

BIA
A088 524 523

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand thirteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges.*

_____

SHEAU FONG YONG,
> *Petitioner,*

v.                                    12-3428
                                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Joshua Bardavid, New York, New York.

FOR RESPONDENT:     Stuart F. Delery, Acting Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel; Brianne Whelan Cohen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Sheau Fong Yong, a native and citizen of Indonesia, seeks review of an August 6, 2012, decision of the BIA denying her motion to reopen. *In re Sheau Fong Yong*, No. A088 524 523 (B.I.A. Aug. 6, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have reviewed the BIA's denial of Yong's motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). Yong argues that her case should have been reopened pursuant to 8 U.S.C. § 1229a(c)(7)(C)(ii), which allows reopening at anytime "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). We find that the BIA did not abuse its discretion here.

In denying Yong's motion, the BIA found that the evidence of Yong's Bethel Church membership since 2006 was not "previously unavailable" and could have been submitted at the time of her 2010 hearing before the IJ. Yong correctly points out that the BIA erred in basing its denial in part on this fact because the evidence of the Bethel Church bombing in Indonesia was the evidence Yong claimed was new and demonstrated changed country conditions; whereas the evidence of her church membership was submitted simply to prove the materiality of the bombing to Yong's claim. Nonetheless, to remand for the BIA to correct this finding would be futile, as it alternately found that none of Yong's new country conditions evidence -- including evidence of the bombing of Bethel Church -- established significantly worsened conditions in Indonesia material to Yong's claim. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir.2008) (noting that remand is futile when the Court can "confidently" "predict that the agency would reach the same decision absent" the errors that were made) (quoting *Xiao Ji Chen v. Mukasey,* 471 F.3d 315, 339 (2d Cir. 2006)).

Indeed, we find no error in the BIA's conclusion that Yong failed to demonstrate materially changed conditions

3

such that further consideration would have been warranted in reopened proceedings, as the record evidence did not indicate a change in conditions in Indonesia, but rather reflected a continuation of sporadic religious violence targeted towards ethnic Chinese Christians, which existed at the time of the Yong's merits hearing.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *Matter of S-Y-G-*, 24 I&N Dec. 247, 253 (BIA 2007) (noting that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"); *see also Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous").  Moreover, as to her prima facie eligibility for relief, the BIA did not err in finding that the bombing did not reflect significantly worsened conditions, that neither Yong nor any of her family members had ever attended the Bethel Church, or that Yong could not avoid persecution by relocating to another part of Indonesia.  *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (per curium) (absent "solid support" in the record, a fear of future persecution was "speculative at

4

best."); *see also* 8 C.F.R. § 1003.2(c)(1) (requiring that a motion to reopen be based on new evidence *material* to the movant's eligibility for asylum).  Accordingly, the BIA did not abuse its discretion in denying Yong's motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk